46 A.3d 1169

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Ranji M. GARRETT.

Misc. Docket AG No. 13, Sept. Term, 2010.

Court of Appeals of Maryland.

June 25, 2012.

210

Glenn M. Grossman, Bar Counsel of the Attorney Grievance Commission of Maryland, for petitioner.

No argument on behalf of Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY *, ADKINS and BARBERA, JJ.

PER CURIAM.

On March 22, 2010, Petitioner, Attorney Grievance Commission, acting through Bar Counsel, filed with this Court a Petition for Disciplinary or Remedial Action against Respondent, Ranji M. Garrett. The petition alleged multiple violations of the Maryland Lawyers' Rules of Professional Conduct (MLRPC) arising out of the representation of nine separate clients in nine separate matters. Specifically, the petition charged Respondent with violating MLRPC 1.1 (competence); [1] 1.2 (scope of representation and allocation of authori-

---

* Murphy, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision or adoption of this opinion.

1. MLRPC 1.1 provides:

ty between client and lawyer); [2] 1.3 (diligence); [3] 1.4 (communication); [4] 1.5 (fees); [5] 1.15 (safekeeping property); [6] 1.16

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

2. MLRPC 1.2 provides, in pertinent part:

(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of the representation and, when appropriate, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

3. MLRPC 1.3 provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

4. MLRPC 1.4 provides:

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules;

(2) keep the client reasonably informed about the status of the matter;

(3) promptly comply with reasonable requests for information; and

(4) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Maryland Lawyers' Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

5. MLRPC 1.5 provides, in pertinent part:

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.

6. MLRPC 1.15 provides, in pertinent part:

(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter. Other property shall be identified specifically as such and appropriately safeguarded, and

(declining or terminating representation);[7] 3.2 (expediting litigation);[8] and, 8.4 (misconduct).[9]

In accordance with Rule 16–752(a),[10] we issued an order assigning the matter to the Honorable Judge Michael J. Algeo

---

records of its receipt and distribution shall be created and maintained. Complete records of the account funds and of other property shall be kept by the lawyer and shall be preserved for a period of at least five years after the date the record was created.

\* \* \*

(d) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall deliver promptly to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render promptly a full accounting regarding such property.

7. MLRPC 1.16 provides, in pertinent part:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

8. MLRPC 3.2 provides:

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

9. MLRPC 8.4 provides, in pertinent part:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

10. Rule 16–752(a) provides:

(a) **Order.** Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for

of the Circuit Court for Montgomery County, to hear evidence and prepare and transmit to this Court his findings of fact and proposed conclusions of law. Upon assignment, and pursuant to Rule 16–753,[11] a copy of our order, Bar Counsel's petition, and a handful of discovery requests were served on the employee designated by the Client Protection Fund of the Bar of Maryland to act as Respondent's agent for receipt of service. When Respondent filed no answer to the petition and no responses to the discovery documents, Petitioner moved for an Order of Default. The hearing judge granted the default order on June 25, 2010. Respondent did not file a motion to vacate that order.

On August 19, 2010, Judge Algeo conducted a hearing on the matter, at which Respondent failed to appear. Pursuant to Rule 2–323(e),[12] all averments in Bar Counsel's petition were deemed admitted at the hearing because of Respondent's failure to respond to the pleading. Likewise, pursuant to Rule 2–424(b),[13] all requested admissions of fact and genuineness of

---

maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing.

11. Rule 16–753 provides:

A copy of a Petition for Disciplinary or Remedial Action filed pursuant to Rule 16–751, and the order of the Court of Appeals designating a judge pursuant to Rule 16–752, shall be served on an attorney in the manner prescribed by Rule 2–121 or in any other manner directed by the Court of Appeals. If after reasonable efforts the attorney cannot be served personally, service may be made upon the employee designated by the Client Protection Fund of the Bar of Maryland pursuant to Rule 16–811 c 1(x), who shall be deemed the attorney's agent for receipt of service. The Fund's employee shall send, by both certified mail and ordinary mail, a copy of the papers so served to the attorney at the address maintained in the Fund's records and to any other address provided by Bar Counsel.

12. Rule 2–323(e) provides, in pertinent part:

(e) **Effect of failure to deny.** Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted unless denied in the responsive pleading or covered by a general denial.

13. Rule 2–424(b) provides, in pertinent part:

documents were deemed admitted, and their associated documents entered into evidence, because Respondent failed to respond to the discovery requests. Petitioner also offered into evidence the testimony of three witnesses who were identified as complainants in the petition.

Following the hearing, Judge Algeo found by clear and convincing evidence that Respondent had violated MLRPC: 1.1 in connection with all nine matters; 1.2(a) in connection with eight of the nine matters; 1.3 in connection with all nine matters; 1.4 in connection with all nine matters; 1.5(a) in connection with seven of the nine matters; 1.15(a) & (d) in connection with seven of the nine matters; 1.16(d) in connection with seven of the nine matters; 3.2 in connection with three of the nine matters; 8.4(a) & (c) in connection with six of the nine matters; and, 8.4(d) in connection with all nine matters. Judge Algeo further found that Respondent had violated MLRPC 8.1(b) by failing to cooperate with Bar Counsel's investigation in each of the nine matters, for a total of 83 violations.

## I.

Judge Algeo made the following findings of fact: Jose Betancourt paid Respondent $800.00, plus court costs, to represent Betancourt in divorce proceedings, beginning in August 2007. Respondent filed Mr. Betancourt's complaint on or about September 4, 2007, but he failed to serve Mr. Betancourt's spouse and took no further action in the case. The Circuit Court for Prince George's County dismissed the case on or about June 2009 for want of prosecution. Respondent did not earn the fee obtained from Mr. Betancourt, did not return any portion of the fee, failed to maintain the fee in

(b) **Response.** Each matter of which an admission is requested shall be deemed admitted unless, within 30 days after service of the request or within 15 days after the date on which that party's initial pleading or motion is required, whichever is later, the party to whom the request is directed serves a response signed by the party or the party's attorney.

trust, and converted the unearned fee to his own use and benefit.

Daryl R. Middlebrooks paid Respondent $2,500.00 for representation in divorce proceedings in or about October 2007. Mr. Middlebrooks, a member of the armed forces at the time, was deployed to Iraq until October 2008. Respondent did not communicate with Mr. Middlebrooks or appear at a scheduled hearing on May 16, 2009. Respondent did not refund any part of Mr. Middlebrooks' fee; instead, he failed to maintain the fee in trust and converted the fee for his own use and benefit. Furthermore, he abandoned the practice of law without notifying Mr. Middlebrooks.

Jennifer R. Blackburn retained Respondent in or about June 2008 and paid him $4,000.00 to represent her in a custody and child support matter. Shortly after the beginning of representation, Ms. Blackburn settled the matter and told Respondent that further representation was unnecessary. Respondent agreed to, but ultimately did not, refund Ms. Blackburn's unused retainer; instead, he failed to maintain the fee in trust and converted the unearned fee to his own use and benefit. Furthermore, he abandoned the practice of law without notifying Ms. Blackburn.

John Kennedy O'Day paid Respondent $2,000.00 in or about June 2008 to represent him in divorce proceedings. Respondent ceased communication with Mr. O'Day after April 2009, failed to pursue Mr. O'Day's interests, and failed to return any part of the unearned fee to Mr. O'Day. Respondent further failed to maintain the fee in trust, converted the fee to his own use and benefit, and abandoned the practice of law without informing Mr. O'Day.

In or about November 2008, Paul R. Chase paid Respondent a fee of $1,200.00 to draft a separation agreement. Respondent failed to communicate with Mr. Chase and to pursue Mr. Chase's interests. Respondent also did not refund any portion of Mr. Chase's fee and did not keep the fee in trust; instead, he converted the fee to his own use and benefit. Respondent abandoned the practice of law without notifying Mr. Chase.

Dr. Anita Krishnan retained Respondent in January 2009 and paid $1,300.00 for his representation in a divorce case. Dr. Krishnan terminated Respondent's services in March 2009 after Respondent failed to respond to her requests for information regarding her case. Dr. Krishnan asked Respondent to refund her fee, which Respondent agreed to do. Respondent, however, failed to refund any portion of the fee, failed to maintain the fee in his trust account, and converted the fee for his own use and benefit.

On or about February 14, 2009, Dr. Frederick G. Lippert paid Respondent a fee of $1,500.00 to draft a prenuptial agreement. Respondent took no actions on the case and failed to return Dr. Lippert's telephone calls and e-mails. Respondent did not return the unearned fee to Dr. Lippert; instead, he failed to maintain the fee in trust and converted the fee for his own use and benefit.

On April 16, 2009, Respondent, representing Samuel A. Reddix, Jr., failed to appear at a scheduled hearing before the Honorable A. Michael Chapdelaine. Respondent was aware of the hearing date, as it was cleared in his calendar. For at least two weeks prior to the hearing, opposing counsel, Linda Brown, Esquire, attempted, without success, to communicate with Respondent. Respondent did not communicate to the court, Mr. Reddix, or opposing counsel that he would not be present at the hearing.

Respondent and his client, Patrick Storey, failed to appear at a scheduling conference on or about July 7, 2009, in the Circuit Court for Montgomery County. Respondent did not notify the opposing counsel, Kenneth Folstein, that Respondent would be absent. Mr. Folstein attempted to call Respondent, only to learn that Respondent's phone line was not in service. Additionally, Mr. Folstein sent two mailings to Respondent, which were returned as undeliverable. Respondent did not communicate with Mr. Storey regarding his case and abandoned the practice of law without notifying either Mr. Storey, Mr. Folstein, or the court.

Respondent maintained an attorney trust account, but did not maintain it properly. Respondent's trust account records indicate that he did not deposit Mr. Betancourt's $800.00 fee. Those account records also show that Respondent deposited checks from Blackburn, Chase, Krishnan, O'Day, Lippert, and Middlebrooks,[14] although Respondent withdrew money from the account without indicating to which matters the money was tied or the specific work performed to earn the money.

Based on the foregoing findings of fact, Judge Algeo made the following conclusions of law: With respect to Jose Betancourt, Respondent violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 3.2, and 8.4(d) by failing to serve Mr. Betancourt's spouse, failing to pursue his client's interests, and failing to communicate with his client. Furthermore, Respondent violated Rules 1.5(a), 1.15(a) and (d), 1.16(d), and 8.4(a), (c) and (d), by not earning the fee he received, failing to maintain the unearned fee in trust, failing to refund the fee to his client, and converting the fee for his own use and benefit.

Respondent violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 1.5(a), 1.15(a) and (d), 1.16(d), and 8.4(a), (c), and (d) for his conduct in Mr. Middlebrooks's case. Respondent violated those rules by: failing to appear at the scheduled hearing or explaining his absence; failing to earn his fee; failing to communicate with his client; failing to refund the fee to Mr. Middlebrooks; failing to maintain the fee in trust; and converting the fee for his own use and benefit.

In Ms. Blackburn's case, Respondent violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 1.5(a), 1.15(a) and (d), 1.16(d), and 8.4(a), (c), and (d) by failing to earn his fee, failing to refund the fee, and converting the fee for his own use and benefit.

Respondent also violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 1.5(a), 1.15(a) and (d), 1.16(d), and 8.4(a), (c), and (d) in his handling of Mr. O'Day's case. Respondent failed to pursue Mr. O'Day's

---

14. We have examined the exhibits, testimony, and the hearing judge's findings. Respondent deposited part of Case's and O'Day's fees in his trust account. Respondent deposited all of Krishnan's, Lippert's, Middlebrooks's, and Blackburn's fees in his trust account.

interests and communicate with him; in addition, Respondent converted the fee for his own use and benefit.

Respondent violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 1.5(a), 1.15(a) and (d), 1.16(d), and 8.4(c) and (d) in Mr. Chase's case, by not communicating with Mr. Chase and failing to pursue his interests. Additionally, Respondent did not earn his fee, did not maintain that fee in trust, and converted the fee for his own use and benefit.

Respondent violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 1.5(a), 1.15(a) and (d), 1.16(d), and 8.4(a), (c), and (d) in Dr. Krishnan's case by not responding to his client's requests for information about the case and not returning the unearned fee after Dr. Krishnan terminated the representation.

Respondent violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 1.5(a), 1.15(a) and (d), 1.16(d), and 8.4(a), (c), and (d) in Dr. Lippert's case. Respondent violated these rules by failing to communicate with his client and failing to take substantive action for his client. Respondent also violated the rules by failing to earn his fee, failing to maintain the fee in trust, failing to refund the fee to Dr. Lippert, and converting the fee for his own use and benefit.

Respondent violated MLRPC 1.1, 1.3, 1.4, 3.2, and 8.4(d) in connection with Mr. Reddix's case, by failing to appear for a scheduled hearing and not communicating with the court, client, or opposing counsel during the two weeks preceding the hearing.

In Mr. Storey's case, Respondent violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 3.2, and 8.4(d) when he did not communicate with opposing counsel or his client, abandoned the practice of law without notice to his opposing counsel or client, and failed to appear at the July 7, 2009 scheduling conference.

Finally, Respondent violated MLRPC 8.1(b) by failing to cooperate with Bar Counsel during the investigation of the above-mentioned matters.

## II.

This Court has original and complete jurisdiction over attorney discipline proceedings and conducts an independent review of the record. We accept the hearing judge's findings of fact as prima facie correct unless shown to be clearly erroneous; we review de novo the hearing judge's conclusions of law. *Att'y Griev. Comm'n v. Brown*, 426 Md. 298, 314–15, 44 A.3d 344, 354 (2012).

Neither Petitioner nor Respondent filed exceptions to Judge Algeo's findings of fact or conclusions of law. In fact, Respondent, though properly notified of these disciplinary proceedings, failed to file any responsive pleadings and did not appear at oral argument before this Court. We therefore treat the hearing judge's factual findings "as established for the purpose of determining appropriate sanctions." Md. Rule 16–759(b)(2)(A). We turn, then, to our independent review of the hearing judge's conclusions of law, with which we ultimately agree.

MLRPC 1.1 requires competent representation of clients. The rule, however, is not bound to legal knowledge or skill. "Evidence of a failure to apply the requisite thoroughness and/or preparation in representing a client is sufficient alone to support a violation of Rule 1.1." *Att'y Griev. Comm'n v. Guida*, 391 Md. 33, 54, 891 A.2d 1085, 1097 (2006). More to the point, MLRPC 1.1 is violated when "an attorney fails to act or acts in an untimely manner, resulting in harm to his or her client." *Brown*, 426 Md. at 319, 44 A.3d at 357; *see e.g. Att'y Griev. Comm'n v. De La Paz*, 418 Md. 534, 553–54, 16 A.3d 181, 192–93 (2011) (failure to appear at a hearing constituted a violation of MLRPC 1.1); *Guida*, 391 Md. at 54, 891 A.2d at 1097 (failure to take any steps in adoption proceeding, including filing of an initial petition, constituted a violation of MLRPC 1.1); *Att'y Griev. Comm'n v. Sullivan*, 369 Md. 650, 655, 801 A.2d 1077, 1079 (2002) (failure of an attorney, acting as a personal representative of an estate, to take any action in administration of the estate constituted a violation of MLRPC 1.1). Respondent failed in nine matters to pursue altogether

his clients' interests by not taking necessary, fundamental steps to further the clients' case. Therefore, Respondent violated Rule 1.1 in each of those nine matters.

 MLRPC 1.2(a) outlines the allocation of authority between a lawyer and client, requiring that "a lawyer shall abide by a client's decisions concerning the objectives of the representation." When a lawyer fails to take any steps towards the client's objective, the lawyer necessarily fails to abide by the client's decision concerning that objective. *See Att'y Griev. Comm'n v. Granger,* 374 Md. 438, 455, 823 A.2d 611, 621 (2003). Moreover, we have held that the failure to prosecute a client's case, combined with a failure to communicate with the client about the status of the case, constitutes a violation of MLRPC 1.2(a). *Att'y Griev. Comm'n v. Reinhardt,* 391 Md. 209, 220, 892 A.2d 533, 539 (2006); *Att'y Griev. Comm'n v. Angst,* 369 Md. 404, 409–10, 800 A.2d 747, 750–51 (2002). In all matters that are the subject of these disciplinary proceedings, except for Respondent's representation of Mr. Reddix, the hearing judge found the necessary combination of a failure to pursue a client matter and a failure to communicate with the client about the status of the matter. Respondent therefore violated MLRPC 1.2(a) in connection with eight of the nine matters.

MLRPC 1.3 mandates that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." We have said in applying MLRPC 1.3 that "this Court has consistently regarded neglect and inattentiveness to a client's interests to be [an ethical violation] warranting the imposition of some disciplinary sanction." *Att'y Griev. Comm'n v. Gisriel,* 409 Md. 331, 371, 974 A.2d 331, 354 (2009) (quoting *Att'y Griev. Comm'n v. Zdravkovich,* 362 Md. 1, 26, 762 A.2d 950, 963 (2000)) (alteration in original). We have held that an attorney's failure to take fundamental steps in furthering a client's matter qualifies as neglect and inattentiveness to a client's interest, and thereby is a violation of MLRPC 1.3. *Gisriel,* 409 Md. at 371, 974 A.2d at 354 (finding violation of MLRPC 1.3 when a lawyer failed to file a response to a

motion to dismiss and failed to attend a court hearing). The hearing judge found that Respondent failed utterly to pursue his clients' interests in all nine matters by failing to take any meaningful steps towards prosecuting their cases. Respondent violated MLRPC 1.3 in all nine matters.

██ MLRPC 1.4 mandates, among other things, that a lawyer promptly communicate with a client, keep a client reasonably informed about the client's matter, and comply with a client's reasonable request for information. It is beyond cavil that an attorney violates MLRPC 1.4 when he or she ignores client requests for information and communicates nothing to the client regarding the status of the case. *Att'y Griev. Comm'n v. Brady*, 422 Md. 441, 458, 30 A.3d 902, 912 (2011); *Att'y Griev. Comm'n v. Fox*, 417 Md. 504, 532, 11 A.3d 762, 778 (2010). The hearing judge found that Respondent either ignored client requests for case status updates or failed wholly to communicate with the client in all nine matters. Respondent violated MLRPC 1.4 in connection with all nine matters.

██ MLRPC 1.5(a) prohibits a lawyer from making "an agreement for, charg[ing], or collect[ing] an unreasonable fee or an unreasonable amount for expenses." The reasonableness of a fee is not measured solely by examining its value at the outset of the representation; indeed an otherwise-reasonable fee can become unreasonable if the lawyer fails to earn it. *Brady*, 422 Md. at 459, 30 A.3d at 912 (holding that otherwise-reasonable fee became unreasonable because of the respondent-attorney's neglect of the client's matter and abandonment of the client's representation); *Att'y Griev. Comm'n v. Patterson*, 421 Md. 708, 732, 28 A.3d 1196, 1210 (2011) (holding that an otherwise-reasonable fee became unreasonable because of the respondent-attorney's lack of competence and diligence in representing the client). The hearing judge found that in all matters, except for the Storey and Reddix representations, Respondent collected a sum of money for a fee. The various amounts of money Respondent collected are immaterial, as each fee amount became unreasonable when Respondent failed

to take any meaningful steps in pursuit of his clients' objectives. Thus, Respondent violated MLRPC 1.5(a) in connection with seven of the matters.

 MLRPC 1.15(a) & (d) outline how an attorney must keep safe client money. MLRPC 1.15(a) requires an attorney to "hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property." MLRPC 1.15(d) requires an attorney to "deliver promptly to the client or third person any funds or other property that the client or third person is entitled to receive." Subsection (a) is violated when unearned money given by a client to an attorney in anticipation of future legal services is deposited into the attorney's personal or operating account, instead of a client trust account. *Guida,* 391 Md. at 53, 891 A.2d at 1097. Likewise, subsection (d) is similarly violated when an attorney does not refund unearned portions of a fee. *Att'y Griev. Comm'n v. Lara,* 418 Md. 355, 365, 14 A.3d 650, 656 (2011). The hearing judge found that Respondent failed to maintain his fee in trust and failed to remit unearned fees to his clients in all but the Storey and Reddix matters. Respondent violated MLRPC 1.15(a) & (d) in seven of the nine matters.

 MLRPC 1.16(d) requires a lawyer, upon terminating a representation, to take reasonable steps to protect the client's interest. Among those steps, a lawyer must "giv[e] reasonable notice to the client . . . and refund[ ] any advance payment of fee or expense that has not been earned or incurred." MLRPC 1.16(d). Abandonment of a client without notice, through the failure to take meaningful steps in pursuit of the client's interest, and failure to return unearned portion of a fee paid by the client constitute clear violations of MLRPC 1.16(d). *Brady,* 422 Md. at 459, 30 A.3d at 912; *Fox,* 417 Md. at 532–33, 11 A.3d at 778. Respondent abandoned clients without prior notice and failed to return unearned fees in all but the Storey and Reddix matters. MLRPC 1.16(d) was therefore violated in seven of the nine matters.

■■■■■ MLRPC 3.2 mandates a lawyer to "make reasonable efforts to expedite litigation consistent with the interests of the client." An attorney violates this rule by delaying to take fundamental litigation steps in pursuit of the client's interest. *See Patterson*, 421 Md. at 737, 28 A.3d at 1213 (finding a violation of MLRPC 3.2 when the respondent took no effort to serve process on the defendant and failed to undertake discovery); *Brown*, 426 Md. at 322–24, 44 A.3d at 359–60 (finding a violation of MLRPC 3.2 when the respondent did not respond to discovery requests). In relation to the Betancourt representation, the hearing judge found that Respondent did not serve Mr. Betancourt's spouse with the necessary documents after initiating divorce proceedings. Likewise, the hearing judge found that Respondent failed to appear for a scheduling conference and a hearing, respectively, in the Storey and Reddix matters. Respondent therefore did not take reasonable steps to expedite litigation in the Betancourt, Storey or Reddix representations, violating MLRPC 3.2 in three of the nine matters.

MLRPC 8.1 makes it a violation for a lawyer to "knowingly fail to respond to a lawful demand for information" from Bar Counsel. *See Att'y Griev. Comm'n v. Bleecker*, 414 Md. 147, 174, 994 A.2d 928, 944 (2010). The hearing judge in this case found that Respondent "failed to cooperate with the investigation of Bar Counsel in connection with each of the complaints." It goes without saying that Respondent's failures to respond to Bar Counsel's requests for information in connection with any of the nine investigations constitute nine separate violations of 8.1.

■■■■■ Finally, MLRPC 8.4(a), (c) & (d) prohibit misconduct. Subsection (a) specifically defines misconduct as a violation, or an attempt to violate, any of the MLRPC. Subsection (c) defines misconduct as "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation"; and subsection (d) defines misconduct as "engag[ing] in conduct that is prejudicial to the administration of justice." There is no question that Respondent violated 8.4(a) in all nine matters, having

violated numerous rules of professional conduct in connection with each representation. Respondent violated 8.4(c) in connection with seven of the nine matters when he misappropriated his clients' funds by failing to maintain those funds in trust and withdrawing the funds from the trust account without earning them. *See Att'y Griev. Comm'n v. Goodman,* 426 Md. 115, 130, 43 A.3d 988, 996 (2012) ("[M]isappropriation of client or third-party funds violates MLRPC 8.4(c). 'Misappropriation is any unauthorized use by an attorney of [a] client's funds entrusted to him [or her], whether or not temporary or for personal gain or benefit.'" (quoting *Att'y Griev. Comm'n v. Glenn,* 341 Md. 448, 484, 671 A.2d 463, 481 (1996)) (citations omitted) (alterations in original)). Finally, Respondent violated 8.4(d) in all nine matters when he acted in a way that "reflect[ed] negatively on the legal profession and set[ ] a bad example for the public at large." *De La Paz,* 418 Md. at 556, 16 A.3d at 194 (quotation marks and citation omitted). He abandoned his clients during the course of representation without any notice and accepted his clients' money without rendering any meaningful services. *See Brady,* 422 Md. at 460, 30 A.3d at 913 ("Respondent abandoned representation of a client during the course of litigation without notice. He accepted a fee of $10,000 without rendering appropriate services. These actions reflect negatively on the legal profession.").

In sum, Respondent committed multiple violations of MLRPC 1.1, 1.2(a), 1.3, 1.4, 1.5(a), 1.15(a) & (d), 1.16(d), 3.2, 8.1, and 8.4(a), (c) & (d), in the representation of nine separate clients.

## III.

We next must determine the appropriate sanction for Respondent's misconduct. Petitioner recommends disbarment as the appropriate sanction for Respondent's many violations of the Rules of Professional Conduct, asserting that Respondent's misconduct in all nine matters shared three "common elements": (1) failure to communicate with clients on a timely basis; (2) improper conversion of unearned legal fees; and (3)

failure to return those unearned fees to the client. Petitioner further asserts that Respondent "abandoned the practice of law with no notice to his clients," and "failed to Respond to Bar Counsel and ... participate in the disciplinary proceedings." Finally, in support of its recommendation, Petitioner directs our attention to Standard 4.41 of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (2005), which counsels:

> Disbarment is generally appropriate when: (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

We are guided in determining an appropriate sanction by our "interest in protecting the public and its attendant confidence in the legal profession." *Reinhardt,* 391 Md. at 223, 892 A.2d at 541; *accord Brady,* 422 Md. at 461, 30 A.3d at 913 (stating that the public is protected by sanctioning misconduct in order to deter future violations of the Maryland Rules of Professional Conduct). "The severity of the sanction depends upon the facts and circumstances of the case, taking account of any particular aggravating or mitigating factors." *Att'y Griev. Comm'n v. Queen,* 407 Md. 556, 567, 967 A.2d 198, 205 (2009) (quoting *Att'y Griev. Comm'n v. Taylor,* 405 Md. 697, 720, 955 A.2d 755, 768 (2008)).

We agree with Petitioner that disbarment is the only appropriate sanction for Respondent's 80–plus serious violations of the Rules of Professional Conduct. Respondent accepted fees from multiple clients, abandoned those clients without producing any meaningful work for them, and ultimately misappropriated the fees they gave him. Respondent, by his failure to respond in any way to the disciplinary proceedings instituted against him, offered no evidence of remorse or mitigation. The caselaw is replete with lesser instances of client abandonment and fee misappropriation that

resulted in disbarment. *See e.g., Brady,* 422 Md. at 461, 30 A.3d at 913 (ordering the disbarment of an attorney who abandoned one client in a single matter with no notice or return of unearned fees for violation of MLRPC 1.1, 1.3, 1.4, 1.5(a), 1.16, and 8.4(d)); *Att'y Griev. Comm'n v. Kwarteng,* 411 Md. 652, 660–61, 984 A.2d 865, 870 (2009) (ordering disbarment of an attorney who, in abandonment of one client in two matters, violated MLRPC 1.1, 1.3, 1.4, 1.16(d), 8.1(b) and 8.4(d)); *Att'y Griev. Comm'n v. Tinsky,* 377 Md. 646, 651, 835 A.2d 542, 546 (2003) (ordering disbarment for an attorney who abandoned one client in a single bankruptcy proceeding and failed to return unearned fees in violation of MLRPC 1.1, 1.3, 1.4, 1.16(d) and 8.4(d)). Anything less than disbarment in this case would be a gross disservice to the public.

Accordingly, we order Respondent disbarred.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST RANJI M. GARRETT.**