*Attorney Grievance Comm'n v. Susan Myra Geller Kirwan*, Misc. Docket AG No. 52, September Term, 2015.

**ATTORNEY DISCIPLINE — SANCTIONS — INDEFINITE SUSPENSION.** The Court of Appeals indefinitely suspended an attorney who failed to competently and diligently represent a client. The attorney did not pursue the client's claim or take any meaningful action towards pursuing the claim. The attorney abandoned the client after failing to communicate over a span of ten months despite the client's numerous attempts. The attorney also failed to communicate with the client's new attorney and Bar Counsel's numerous requests for information during its investigation. These actions violated the Maryland Lawyers' Rules of Professional Conduct Rules 1.1 (Competence), 1.3 (Diligence), 1.4(a)(2)-(3) and (b) (Communication), 1.16(d) (Declining or Terminating Representation), 8.1(b) (Bar Admission and Disciplinary Matters), and 8.4(a) and (d) (Misconduct).

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG No. 52

September Term, 2015

_____

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

SUSAN MYRA GELLER KIRWAN

_____

Barbera, C.J.,
Greene,
Adkins,
McDonald,
Watts,
Hotten,
Getty,

JJ.

_____

Opinion by Getty, J.

_____

Filed: November 21, 2016

This attorney disciplinary matter concerns Ms. Susan Myra Geller Kirwan ("Ms. Kirwan"), Respondent, a lawyer who was retained in October 2013 to represent a minor child in a negligence case against Baltimore City Public Schools. Ms. Kirwan neglected to pursue substantive action in furtherance of the child's case after she was retained and failed to respond to her client's numerous requests for information.

The Attorney Grievance Commission ("Commission"), Petitioner, filed a Petition for Disciplinary or Remedial Action with this Court alleging multiple violations of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC").[1] After an evidentiary hearing, the hearing judge issued written findings of fact and conclusions of law to this Court, concluding that Ms. Kirwan violated MLRPC 1.1, 1.3, 1.4(a)(2)-(3) and (b), 1.16(d), 8.1(b), and 8.4(a) and (d) as charged by the Commission. We agree. Accordingly, we suspend Ms. Kirwan from the practice of law indefinitely.

## Background

### A. Procedural History

On October 27, 2015, the Commission, through Bar Counsel, filed a Petition for Disciplinary or Remedial Action with this Court against Ms. Kirwan. The Commission charged Ms. Kirwan with violations of MLRPC 1.1 (Competence), 1.3 (Diligence), 1.4(a)(2)-(3) and (b) (Communication), 1.16(d) (Declining or Terminating Representation), 8.1(b) (Bar Admission and Disciplinary Matters), and 8.4(a) and (d)

---

[1] Effective July 1, 2016, the MLRPC were renamed the Maryland Attorneys' Rules of Professional Conduct ("MARPC") and moved to Title 19, Chapter 300 of the Maryland Rules. This opinion refers to the MLRPC, not the MARPC, because all relevant conduct took place before July 1, 2016.

1

(Misconduct) arising out of her representation of Ms. T.S. ("Ms. S.") and her minor child, T.N.

Pursuant to Maryland Rule 16-752(a), the Court designated Judge Cynthia H. Jones of the Circuit Court for Baltimore City to conduct an evidentiary hearing concerning the alleged violations and make findings of fact and recommended conclusions of law.

The evidentiary hearing was conducted on April 4, 2016, at which several witnesses testified including Ms. Kirwan. On May 12, 2016, the hearing judge issued a thorough memorandum opinion in which she made detailed findings of fact concerning the alleged violations, as well as findings concerning aggravating and mitigating circumstances. In her recommended conclusions of law, the hearing judge concluded that Ms. Kirwan committed all of the violations charged by the Commission.

Neither party filed any exceptions to the hearing judge's findings of fact and conclusions of law. On October 11, 2016, oral arguments were presented to this Court by Ms. Kirwan and the Commission, which primarily focused on the appropriate sanction.

**B. *Facts***

The hearing judge's factual findings are uncontested since neither party filed any exceptions. Therefore, we treat the hearing judge's fact findings as established. Md. Rule 16-759(b)(2)(A). Those findings are summarized as follows.

*Law Practice*

Ms. Kirwan was admitted to the Maryland Bar on December 30, 1983. At all times from October 2013 through the present, Ms. Kirwan has maintained a law office in Baltimore City.

2

*Representation*

On October 7, 2013, Ms. Kirwan was retained to represent T.N., a minor child who suffered a broken wrist on a Baltimore City elementary school playground. T.N.'s mother, Ms. S, retained Ms. Kirwan to pursue a claim against Baltimore City Public Schools for the child's injury. Ms. S. signed a retainer agreement and forms authorizing Ms. Kirwan to have access to T.N.'s school and medical records. After the retainer was signed, Ms. Kirwan maintained contact with Ms. S. for two months regarding T.N.'s case, and Ms. Kirwan received a copy of T.N.'s medical records from Ms. S.

Beginning in December 2013, Ms. Kirwan became unresponsive to Ms. S. Between December 5, 2013, and May 29, 2014, Ms. S. called Ms. Kirwan and left four messages with Ms. Kirwan's answering service. The messages asked Ms. Kirwan to return Ms. S.'s calls, to provide an update on T.N.'s case and to notify her if Ms. Kirwan did not want to handle T.N.'s case. On May 29, 2014, Ms. S.'s message stated she had called Ms. Kirwan numerous times without receiving a call back.

Ms. S. then attempted to communicate with Ms. Kirwan through email. Ms. S. emailed Ms. Kirwan twice on June 9, 2014, asking Ms. Kirwan to call her with an update on her child's case. Ms. Kirwan replied to Ms. S.'s email on June 10, 2014, indicating she would be in touch with Ms. S. later that day or the following afternoon. Ms. S. responded by providing her work and mobile phone numbers to facilitate this communication. However, Ms. Kirwan failed to make the promised phone call. So, Ms. S. sent Ms. Kirwan an email two days later stating she still had not received a call back and requesting Ms. Kirwan call her that day. Again, Ms. Kirwan did not respond.

Ms. S.'s attempts to contact Ms. Kirwan continued. On June 12, 2014, Ms. S. emailed Ms. Kirwan asking what work Ms. Kirwan performed and whether Ms. S. should retain a new attorney. Ms. S. sent a second email on June 12, 2014, requesting an update on the case. On July 18, 2014, Ms. S. left another phone message with Ms. Kirwan's answering service requesting an update on the case and indicating that the call was urgent. Ms. Kirwan did not respond to Ms. S.'s emails or phone message.

On August 26, 2014, Ms. S. filed a complaint against Ms. Kirwan with the Commission. Ms. S.'s complaint stated, "I have been calling and leaving messages. No response!!! I don't know what is going [on] with [T.N.'s] case against the Baltimore City School system."

In September 2014, Ms. S. unsuccessfully continued her attempts to reach Ms. Kirwan by leaving another phone message and visiting Ms. Kirwan's office in person, where she slid a note under Ms. Kirwan's office door.

*Failure to Respond to Bar Counsel*

On September 30, 2014, the Commission sent a letter to Ms. Kirwan indicating that a complaint, unrelated to Ms. S.'s complaint, against Ms. Kirwan was dismissed. However, the Commission issued a warning to Ms. Kirwan for failing to respond to Bar Counsel's lawful demand for information in relation to the complaint, and stated that this conduct was a violation of MLRPC 8.1(b).

On October 9, 2014, the Commission sent Ms. Kirwan a letter indicating that Ms. S. filed a complaint against her and requesting a written response within 15 days. Ms. Kirwan did not respond to this request. The Commission sent a second letter on November

4

13, 2014, indicating it did not receive a response and requesting a response by December 1, 2014. Ms. Kirwan received the letter[2] and did not file a response. The Commission sent a third letter on January 22, 2015, indicating that Ms. S.'s complaint was reclassified as a docketed complaint due to Ms. Kirwan's failure to respond and requesting a response by February 2, 2015. Ms. Kirwan did not respond.

On March 4, 2015, Mr. Edwin P. Karr, a Commission investigator, spoke with Ms. Kirwan on the phone and confirmed that Ms. Kirwan received all three letters sent by the Commission. Mr. Karr advised Ms. Kirwan that her response was required within one week, by March 11, 2015. Ms. Kirwan did not respond. The Commission's Petition for Disciplinary or Remedial Action followed.

*Legal Malpractice Claim*

On June 26, 2015, the Collins Legal Group LLC, through its counsel Ms. Tiffani S. Collins, Esq., sent a letter to Ms. Kirwan stating that it had been retained by T.N., through her mother Ms. S. The letter stated that the firm was representing T.N. in a legal malpractice claim against Ms. Kirwan and requested Ms. Kirwan's malpractice insurance information. The letter also asked Ms. Kirwan to forward the letter to her malpractice carrier. Ms. Kirwan did not respond.

---

[2] This Commission's November 13 letter was sent by certified mail, and a receipt from November 14, 2014, contains the signature "S. Kirwan." Ms. Kirwan denied that the signature was hers and the trial court agreed with Ms. Kirwan. However, Ms. Kirwan admitted receipt of the letter despite the fact that she did not personally sign the receipt.

**Discussion**

The hearing judge found by clear and convincing evidence that Ms. Kirwan violated MLRPC 1.1, 1.3, 1.4(a)(2)-(3) and (b), 1.16(d), 8.1(b), and 8.4(a) and (d). We review recommended conclusions of law without deference to the hearing judge. Md. Rule 16-759(b)(1). For the reasons that follow, we agree with all of the hearing judge's conclusions of law.

**A. *Violations of MLRPC***

*MLRPC 1.1 (Competence)*

MLRPC 1.1 states, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." A lawyer violates MLRPC 1.1 when he or she fails to act or acts in an untimely manner, which results in harm to his or her client. *Attorney Grievance Comm'n v. Garrett*, 427 Md. 209, 222 (2012) (quoting *Attorney Grievance Comm'n v. Brown*, 426 Md. 298, 319 (2012)).

As the hearing judge stated, Ms. Kirwan's failure to take any meaningful action towards pursuing her client's claim did not meet the standards of competent practitioners and Ms. Kirwan was not adequately prepared, which resulted in harm to T.N. Ms. Kirwan spoke with Ms. S. in the two months after the retainer agreement was signed and received T.N.'s medical records, which were collected by Ms. S. Ms. Kirwan testified that she began drafting a letter to the City Solicitor to place the City on notice of her client's claim, though she presented no evidence of this letter's existence at the hearing. Ms. Kirwan also did not present evidence of any other substantive work performed on behalf of T.N. The

6

hearing judge found that Ms. Kirwan's failure to act harmed her client since the statute of limitations lapsed and T.N. is now unable to pursue her claim against the City.[3]  For these reasons, the hearing judge found that Ms. Kirwan violated MLRPC 1.1.  We agree.  Ms. Kirwan failed to take the necessary steps to further her client's case.  Therefore, Ms. Kirwan violated MLRPC 1.1.

*MLRPC 1.3 (Diligence)*

MLRPC 1.3 states, "A lawyer shall act with reasonable diligence and promptness in representing a client."  A lawyer also violates MLRPC 1.3 when his or her lack of preparation or thoroughness violates MLRPC 1.1.  *Attorney Grievance Comm'n v. Moore*, 447 Md. 253, 267 (2016).  Furthermore, "an attorney's failure to take fundamental steps in furthering a client's matter qualifies as neglect and inattentiveness to a client's interest, and thereby is a violation of MLRPC 1.3."  *Garrett*, 427 Md. at 223 (citing *Attorney Grievance Comm'n v. Gisriel*, 409 Md. 331, 371 (2009)).  The hearing judge concluded that Ms. Kirwan's failure to take any action toward pursuing her client's claim demonstrated a failure to act with diligence and promptness.  We agree that Ms. Kirwan also violated MLRPC 1.3.

*MLRPC 1.4 (Communication)*

The hearing judge found that Ms. Kirwan violated MLRPC 1.4(a)(2); (a)(3); and (b).  In relevant part, MLRPC 1.4 requires a lawyer to "keep the client reasonably informed

---

[3] At the hearing, Ms. Kirwan testified that Maryland's Local Government Tort Claims Act requires notice of the claim within 180 days of the injury pursuant to Maryland Code, Courts and Judicial Proceedings Article, § 5-304.  The statute was amended in 2015 to extend the notice period to one year though this change did not affect T.N.'s case.

about the status of the matter" and "promptly comply with reasonable requests for information." MLRPC 1.4(a)(2); (a)(3). A lawyer is also required to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." MLRPC 1.4(b).

A lawyer's repeated failure to return his or her client's calls or requests for information is a failure to communicate. *See Attorney Grievance Comm'n v. Gelb*, 440 Md. 312, 321 (2014). We have stated, "It is beyond cavil that an attorney violates MLRPC 1.4 when he or she ignores client requests for information and communicates nothing to the client regarding the status of the case." *Garrett*, 427 Md. at 224 (citing *Attorney Grievance Comm'n v. Fox*, 417 Md. 504, 532 (2010)). Additionally, a lawyer violates MLRPC 1.4(b) by failing to explain, to the extent reasonably necessary, that he or she does not intend to appear as counsel. *See, e.g.*, *Attorney Grievance Comm'n v. Stinson*, 428 Md. 147, 179 (2012) ("[Attorney] failed to explain, to the extent reasonably necessary to permit the client to make informed decisions, that she did not intend to appear as counsel of record in the divorce/annulment proceeding.").

The hearing judge's conclusions that Ms. Kirwan violated MLRPC 1.4(a)(2); (a)(3); and (b) are supported by clear and convincing evidence in the record. Ms. Kirwan responded to only one of Ms. S.'s numerous attempts to contact her from December 2013 to September 2014—the email on June 10, 2014, when Ms. Kirwan indicated she would call Ms. S. but then failed to do so. Ms. Kirwan did not provide Ms. S. with an update or any other information related to T.N.'s case as requested. We agree with the hearing judge's conclusions that Ms. Kirwan violated MLRPC 1.4(a)(2) and (a)(3) by failing to

8

keep her client reasonably informed and by failing to promptly reply to information requests.

As to MLRPC 1.4(b), the hearing judge concluded Ms. Kirwan failed to provide information reasonably necessary to permit her client to make informed decisions. In one of Ms. S.'s phone messages, Ms. S. asked Ms. Kirwan whether she still wanted to handle T.N.'s case or whether Ms. S. should hire another attorney, but Ms. Kirwan did not respond. We agree with the hearing judge's conclusion that Ms. Kirwan's conduct prevented her client from making an informed decision, which is a violation of MLRPC 1.4(b).

*MLRPC 1.16(d) (Declining or Terminating Representation)*

MLRPC 1.16(d) requires a lawyer protect his or her client's interest at the conclusion of the representation. The Rule states:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

MLRPC 1.16(d). A lawyer's failure to communicate with his or her client and to pursue the client's case constitutes abandonment of the representation in violation of MLRPC 1.16(d). *See Attorney Grievance Comm'n v. Park*, 427 Md. 180, 193 (2012) (stating a lawyer violates 1.16(d) when he or she terminates the representation of a client "by abandoning the matter before completion, failing to respond to [the client's] messages, failing to provide sufficient contact information, and failing to inform [the client] of his

9

intent to move (or close) his office."). Additionally, a lawyer violates MLRPC 1.16(d) by failing to provide a client with his or her file after the conclusion of the representation. *See Attorney Grievance Comm'n v. Hamilton*, 444 Md. 163, 191 (2015) ("Failure to return unearned fees and papers violates MLRPC 1.16.").

The hearing judge found that Ms. Kirwan violated MLRPC 1.16(d). Ms. Kirwan did not respond to Ms. S.'s inquiries regarding whether she was still handling T.N.'s case, which demonstrates a failure to give reasonable notice. Ms. Kirwan also did not respond to T.N.'s new attorney, Ms. Collins. Ms. Collins requested Ms. Kirwan's malpractice insurance information, to pursue a legal malpractice claim on T.N.'s behalf, and T.N.'s case file. At the hearing, Ms. Kirwan argued that she did not provide T.N.'s case file to Ms. Collins because she did not have authorization from Ms. S. However, the hearing judge found that this did not excuse Ms. Kirwan's failure to respond. The hearing judge found that Ms. Kirwan could have provided her malpractice information without breaching client confidentiality and facilitated the signing of the necessary authorization forms to provide any confidential information. We agree. Ms. Kirwan violated MLRPC 1.16(d) by failing to take steps to protect T.N.'s interests.

*MLRPC 8.1(b) (Bar Admission & Disciplinary Matters)*

In relevant part, MLRPC 8.1(b) states, "[A] lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6." A lawyer clearly violates

10

MLRPC 8.1(b) by failing to respond to Bar Counsel's inquiries with respect to a disciplinary matter investigation. *Park*, 427 Md. at 193-94; *Hamilton*, 444 Md. at 192.

The hearing judge concluded that Ms. Kirwan violated MLRPC 8.1(b). We agree. The Commission sent three letters to Ms. Kirwan requesting a response to Ms. S.'s complaint, two of which referenced MLRPC 8.1(b): a lawyer shall not "knowingly fail to respond to a lawful demand for information from a disciplinary authority." Ms. Kirwan acknowledged receipt of these letters. Ms. Kirwan also spoke with a Commission investigator, who informed Ms. Kirwan that she was required to respond to the Commission's letters. Yet Ms. Kirwan failed to respond to all four of the Commission's demands for information regarding Ms. S.'s complaint. Ms. Kirwan's actions were a violation of MLRPC 8.1(b).

*MLRPC 8.4(a) & (d) (Misconduct)*

MLRPC 8.4(a) and (d) state, "It is professional misconduct for a lawyer to (a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; and (d) engage in conduct that is prejudicial to the administration of justice." Regarding MLRPC 8.4(d), we have noted that:

> [An attorney's] failure to promptly, completely and truthfully respond to Bar Counsel's requests for information, to keep his client advised of the status of the representation and to diligently represent the complainant constitutes conduct which tends to bring the legal profession into disrepute and is therefore prejudicial to the administration of justice.

11

*Brown*, 426 Md. at 324-25 (quoting *Attorney Grievance Comm'n v. Rose*, 391 Md. 101, 111 (2006)).

The hearing judge's conclusion that Ms. Kirwan violated MLRPC 8.4(a) is based upon her violations of MLRPC 1.1, 1.3, 1.4(a)(2)-(3), 1.4(b), 1.16, and 8.1(b). This Court has stated that "the same professional misconduct can overlap to implicate violation of various provisions of the [MLRPC]." *Attorney Grievance Comm'n v. Harris*, 371 Md. 510, 549 (2002). Therefore, "where an attorney has violated one rule of the [MLRPC], that attorney has often violated many, based on the combined whole of the attorney's misconduct." *Id.* By virtue of violating MLRPC 1.1, 1.3, 1.4(a)(2)-(3), 1.4(b), 1.16, and 8.1(b), Ms. Kirwan also violated MLRPC 8.4(a).

The hearing judge also found that Ms. Kirwan violated MLRPC 8.4(d). Ms. Kirwan's failure to pursue T.N.'s negligence claim and to provide any information to Ms. S. was prejudicial to T.N.'s case. As a result, the hearing judge concluded that this was prejudicial to the administration of justice. Additionally, Ms. Kirwan's failure to respond to Ms. S.'s complaint through the lawful requests of the Commission also demonstrate a violation of MLRPC 8.4(d). We agree that Ms. Kirwan's actions violated MLRPC 8.4(a) and (d).

## B. *Aggravating and Mitigating Factors*

### *Aggravating Factors*

The hearing judge found clear and convincing evidence that five aggravating factors were present: pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the

disciplinary agency, substantial experience in the practice of law and indifference to making restitution.[4] We agree with the hearing judge's conclusions, which are summarized as follows.

The hearing judge found that Ms. Kirwan's failure to respond to the Commission demonstrated a pattern of misconduct and multiple offenses. Ms. Kirwan received a warning from the Commission in a letter dated September 30, 2014, for failure to respond to Bar Counsel in relation to an unrelated complaint filed earlier in 2014. The letter stated that Ms. Kirwan's failure to respond to the Commission was a violation of MLRPC 8.1(b) even though the complaint was dismissed. This letter was sent two weeks prior to the Commission's letter regarding Ms. S.'s case. As a result, the hearing judge concluded that Ms. Kirwan's actions supported a finding of a pattern of misconduct and multiple offenses.

The hearing judge concluded that Ms. Kirwan's intentional failure to comply with rules or orders of the disciplinary agency supported a finding of bad faith obstruction of disciplinary proceedings. The hearing judge found that Ms. Kirwan intentionally failed to

---

[4] This Court has identified potential aggravating factors as:

> (a) prior disciplinary offenses; (b) dishonest or selfish motive; (c) a pattern of misconduct; (d) multiple offenses; (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency; (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process; (g) refusal to acknowledge wrongful nature of conduct; (h) vulnerability of victim; (i) substantial experience in the practice of law; and (j) indifference to making restitution.

*Moore*, 447 Md. at 271 n.4 (quoting *Attorney Grievance Comm'n v. Bleecker*, 414 Md. 147, 176-77 (2010)).

respond to the Commission since she spoke with the Commission's investigator on the phone and stated she would respond within one week, though she failed to do so. The hearing judge found that Ms. Kirwan's failure to respond to the numerous letters coupled with the phone call by the Commission supported a finding that Ms. Kirwan intentionally failed to comply with the rules of the disciplinary agency.

Next, the hearing judge found that Ms. Kirwan had substantial experience in the practice of law and was familiar with the MLRPC. The hearing judge also noted that Ms. Kirwan served as a Peer Review panelist in the disciplinary system.[5]

Finally, the hearing judge concluded that Ms. Kirwan was indifferent to making restitution. This finding was supported by Ms. Kirwan's failure to respond to requests for information from Ms. Collins, the attorney retained to pursue the legal malpractice claim. The hearing judge concluded that the only recourse Ms. S. and T.N. had after Ms. Kirwan failed to file the negligence claim against the Baltimore City Public Schools was a legal malpractice suit against Ms. Kirwan. Ms. Kirwan's failure to cooperate was a hindrance to the pursuit of the malpractice claim and demonstrated that she was indifferent to Ms. S. and T.N.'s recovery of just compensation for T.N.'s injury.

---

[5] The purpose of a Peer Review Panel is outlined in Maryland Rule 16-743(a), and is briefly summarized as follows. When the Commission receives an attorney disciplinary complaint, a Peer Review Panel considers the Statement of Charges and all relevant information offered by Bar Counsel and the attorney. After the consideration of information presented, the Panel will determine whether there is a substantial basis and reason to believe that the attorney committed professional misconduct. If so, the Panel will determine whether a Petition for Disciplinary or Remedial Action should be filed or whether another disposition is appropriate.

*Mitigating Factors*

The hearing judge did not find any mitigating factors[6] and Ms. Kirwan did not offer any evidence for this Court to reach a different conclusion. Therefore, we agree with the hearing judge that there are no mitigating factors.

## Sanction

In this case, our primary task is to determine Ms. Kirwan's sanction since the facts and violations are undisputed. As we have previously stated, the purpose of a disciplinary proceeding is to protect the public and to ensure the integrity of the bar. *Brown*, 426 Md. at 325. The purpose of sanctioning the erring attorney is not to punish him or her, but rather to deter future offenses. *Id.* The appropriate sanction depends on the facts and circumstances in each case as well as the nature of the ethical duties violated in light of any aggravating or mitigating circumstances, the attorney's prior grievance history, and our past cases involving attorney discipline when imposing sanctions. *Id.*

---

[6] This Court has identified potential mitigating factors as:

> [a] absence of a prior disciplinary record; [b] absence of a dishonest or selfish motive; [c] personal or emotional problems; [d] timely good faith efforts to make restitution or to rectify consequences of misconduct; [e] full and free disclosure to disciplinary board or cooperative attitude toward proceedings; [f] inexperience in the practice of law; [g] character or reputation; [h] physical or mental disability or impairment; [i] delay in disciplinary proceedings; [j] interim rehabilitation; [k] imposition of other penalties or sanctions; [l] remorse; and [m] remoteness of prior offenses.

*Moore*, 447 Md. at 270 n.3 (quoting *Bleecker*, 414 Md. at 178).

Bar Counsel recommended an indefinite suspension without specifying a minimum period of suspension. At oral argument, Ms. Kirwan asked us to consider a reprimand and in support of her position cited the sanction imposed in *Attorney Grievance Comm'n v. Tolar*, 357 Md. 569, 585 (2000).

We agree with Bar Counsel that the appropriate sanction is indefinite suspension. Our decisions in prior attorney discipline cases support suspending Ms. Kirwan indefinitely, with the right to apply for reinstatement. In cases similar to Ms. Kirwan's, where the attorney's disciplinary violations do not involve dishonesty, the sanction has often been indefinite suspension. *See Attorney Grievance Comm'n v. Green*, 441 Md. 80, 101-102 (2014) (collecting cases). We do not believe that *Tolar* is similar to Ms. Kirwan's case. In *Tolar*, a reprimand was the appropriate sanction because the attorney was remorseful—a mitigating factor. *Tolar*, 357 Md. at 585. However, unlike *Tolar*, in this case there was neither a finding nor any basis for mitigating Ms. Kirwan's misconduct. *See Attorney Grievance Comm'n v. Kovacic*, 389 Md. 233, 240 (2005). Indefinite suspension ensures that Ms. Kirwan is not permitted to practice law until this Court is satisfied that she is able to do so in a manner that is consistent with the MLRPC. We have reiterated that indefinite suspension is not permanent, so Ms. Kirwan may apply for reinstatement under Maryland Rule 19-752. However, we decline to set a minimum length for this indefinite suspension because there is nothing in the record that would allow this Court to "divine an appropriate minimum 'sit-out' period." *Green*, 441 Md. at 102; *Moore*, 447 Md. at 274-75.

16

**Conclusion**

Ms. Kirwan violated MLRPC 1.1, 1.3, 1.4(a)(2)-(3) and (b), 1.16(d), 8.1(b), and 8.4(a) and (d). For these violations, we suspend Ms. Kirwan indefinitely from the practice of law in Maryland.

**IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THE COURT, INCLUDING THE COST OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709, FOR WHICH JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST SUSAN MYRA GELLER KIRWAN.**