Attorney Grievance Comm'n v. Kenneth Haley, Misc. Docket AG No. 9, September Term, 2014

**ATTORNEY DISCIPLINE – SANCTIONS – DISBARMENT –** Court of Appeals disbarred lawyer who, among other things, failed to: (1) deposit unearned legal fees into attorney trust account; (2) refund unearned legal fees after termination of representation; (3) sufficiently and timely respond to clients' reasonable inquiries; and (4) competently and diligently represent clients' interests. Such conduct violated Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 1.1 (Competence), 1.2(a) (Allocation of Authority Between Client and Lawyer), 1.3 (Diligence), 1.4(a) (Communication), 1.5(a) (Fees), 1.15(a), 1.15(c) (Safekeeping Property), 1.16(d) (Terminating Representation), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), 8.4(d) (Conduct that is Prejudicial to the Administration of Justice), 8.4(a) (Violating MLRPC), and Md. Code Ann., Bus. Occ. & Prof. (1989, 2010 Repl. Vol.) § 10-306 (Misuse of Trust Money).

Circuit Court for Howard County
Case No. 13-C-14-099125

Argued: June 3, 2015

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 9

September Term, 2014

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

KENNETH HALEY

_____

Barbera, C.J.
*Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by Watts, J.

_____

Filed: July 24, 2015

*Harrell, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

This attorney discipline proceeding involves a lawyer who, among other things, failed to: (1) deposit unearned legal fees into an attorney trust account; (2) refund unearned legal fees to clients following termination of representation; (3) sufficiently and timely respond to clients' reasonable inquiries; and (4) competently and diligently represent his clients' interests.

Between October 2011 and June 2013, Kenneth Haley ("Haley"), Respondent, a member of the Bar of Maryland, represented six clients in various matters. All six clients filed complaints against Haley with the Attorney Grievance Commission ("the Commission"), Petitioner.

On May 15, 2014, on the Commission's behalf, Bar Counsel filed in this Court a "Petition for Disciplinary or Remedial Action" against Haley, charging him with violating Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 1.1 (Competence), 1.2(a) (Allocation of Authority Between Client and Lawyer), 1.3 (Diligence), 1.4 (Communication), 1.5(a) (Fees), 1.7(a) (Conflict of Interest), 1.15(a), 1.15(c), and 1.15(d) (Safekeeping Property), 1.16(d) (Terminating Representation), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), 8.4(d) (Conduct that is Prejudicial to the Administration of Justice), 8.4(a) (Violating the MLRPC), and Md. Code Ann., Bus. Occ. & Prof. (1989, 2010 Repl. Vol.) ("BOP") § 10-306 (Misuse of Trust Money).

On September 29, 2014, this Court designated the Honorable Richard S. Bernhardt ("the hearing judge") of the Circuit Court for Howard County to hear this attorney discipline proceeding. On November 17, 18, and 19, 2014, the hearing judge conducted a

hearing.[1] On December 29, 2014, the hearing judge filed in this Court an opinion including findings of fact and conclusions of law, concluding that Haley had violated MLRPC 1.1, 1.2(a), 1.3, 1.4, 1.5(a), 1.7(a), 1.15(a), 1.15(c), 1.16(d), 8.4(c), 8.4(d), 8.4(a), and BOP § 10-306.[2]

On June 3, 2015, we heard oral argument. On June 5, 2015, we disbarred Haley. See Attorney Grievance Comm'n v. Haley, Misc. Docket AG No. 9, Sept. Term, 2014, 2015 WL 3536345, at *1 (Md. June 5, 2015) (per curiam). We now explain the reasons for Haley's disbarment.

## BACKGROUND

The hearing judge found the following facts, which we summarize.

On May 30, 2007, this Court admitted Haley to the Bar of Maryland. Haley worked for various federal agencies. In 2010, Haley became a solo practitioner in Columbia, Maryland. Haley's primary areas of practice included family law, criminal law, and labor law.

Before he performed any legal services, Haley received a flat fee from each of the six clients who ended up filing complaints against him with the Commission. In each case, without his client's consent, Haley deposited the unearned fee into an operating account instead of an attorney trust account.

---

[1]Following the hearing in the instant attorney disciplinary case, on December 10, 2014, in a separate attorney disciplinary case involving Haley, this Court granted a joint petition for indefinite suspension by consent, and ordered that Haley be indefinitely suspended from the practice of law in Maryland effective January 1, 2015. See Attorney Grievance Comm'n v. Haley, 440 Md. 726, 104 A.3d 170 (2014).
[2]The hearing judge did not determine whether Haley had violated MLRPC 1.15(d).

Haley's professional relationship with each of the six clients followed a similar pattern. At the beginning of the representation, Haley communicated appropriately with the client. As the representation progressed, Haley became less responsive to the client's inquiries. Haley's final communications with the client usually involved an argument, during which Haley would exhibit hostility and blame the client for the breakdown of the attorney-client relationship.

*Vernita Ali Matter*

In 2012, on her own behalf, Vernita Ali ("Ali") filed a motion to modify custody in the Circuit Court for Baltimore City. A hearing on the motion to modify was scheduled for July 31, 2012. On June 7, 2012, Ali and Haley executed an attorney-client agreement, and Ali paid Haley a $2,800 flat fee. Without Ali's consent, Haley deposited the fee into an operating account instead of an attorney trust account.

Haley and Ali agreed that Haley would enter his appearance on Ali's behalf, file a supplemental motion to modify, and represent Ali at the hearing on the motion to modify. Haley did not perform any of these tasks. In June and July 2012, Ali attempted to contact Haley, who did not respond. At some point before July 10, 2012, Ali and Haley spoke via telephone; Ali asked about the case's status; an argument ensued; and Haley hung up on Ali. On July 10, 2012, Ali terminated the representation and requested a full refund of the fee. On July 31, 2012, Ali appeared on her own behalf at the hearing on the motion to modify, and did not prevail.

In April 2013, Ali filed a complaint against Haley with the Commission. Afterward, Haley refunded Ali $2,307.56 of the fee.

*Keith Boyd Matter*

On October 10, 2011, Keith Boyd ("Boyd") retained Haley to represent him in a child custody case. Boyd paid Haley a $2,800 flat fee. Without Boyd's consent, Haley deposited the fee into an operating account instead of an attorney trust account.

On February 23, 2012, on Boyd's behalf, Haley filed a motion to modify custody in the Circuit Court for Baltimore City. Haley and Boyd appeared at a hearing at which Haley repeatedly disregarded Boyd's instructions. For example, Haley disregarded Boyd's instruction to introduce Boyd's child's school attendance records; Haley relied on opposing counsel's assertion that the records were inaccurate. As another example, Haley disregarded Boyd's instruction to dispute opposing counsel's allegation that Boyd had been charged with acts of domestic violence.

On or about October 1, 2012, Boyd terminated the representation. Haley failed to refund Boyd any of the fee.

*Tina Myers Matter*

On May 17, 2012, Tina Myers ("Myers") retained Haley to represent her in an appeal of a ruling on custody. Myers paid Haley a $3,000 flat fee. Without Myers's consent, Haley deposited the fee into an operating account instead of an attorney trust account.

On June 14, 2012, on Myers's behalf, Haley timely filed a "Line, Notice and Leave to Appeal" in the Circuit Court for Baltimore City. Between May 17, 2012 and July 2, 2012, Myers e-mailed Haley on several occasions to ask about the appeal's status; Haley responded to only one of Myers's e-mails. On July 2, 2012, Myers decided to abandon the

appeal and pursue modification of custody instead. Haley failed to timely file a motion to modify custody and failed to refund Myers any of the fee.

*Demetrius McClarty Matter*

On March 9, 2012, Demetrius McClarty ("McClarty") retained Haley to represent him in a matter concerning modification of joint custody and guardianship. McClarty paid Haley a $2,600 flat fee. Without McClarty's consent, Haley deposited the fee into an operating account instead of an attorney trust account.

On March 28, 2012, Haley and McClarty met to review a motion to modify custody and guardianship that Haley had written. The motion contained several errors, including misspellings of McClarty's name and incorrect uses of pronouns. On April 13, 2012, Haley filed the motion to modify custody and guardianship in the Circuit Court for Anne Arundel County. The motion to modify custody and guardianship included a certificate of service with an incorrect address for McClarty's ex-wife. Additionally, Haley failed to include with the motion to modify custody and guardianship a domestic case information report, as required by Maryland Rule 2-111 (Process -- Requirements Preliminary to Summons). On April 16, 2012, the Circuit Court for Anne Arundel County ordered Haley to file a domestic case information report. Haley failed to comply with the order. On May 24, 2012, the Circuit Court for Anne Arundel County dismissed the motion to modify custody and guardianship without prejudice. Haley failed to inform McClarty of the dismissal.

On or about June 26, 2012, McClarty terminated the representation. On June 29, 2012, without McClarty's consent, and despite having reason to know that McClarty had terminated the representation, Haley filed in the Circuit Court for Anne Arundel County a

second motion to modify custody and guardianship and an answer to McClarty's ex-wife's motion for contempt. Haley did not provide McClarty a copy of either filing. On July 23, 2012, Haley filed in the Circuit Court for Anne Arundel County a motion to strike his appearance. Haley failed to provide McClarty with five days' written notice of his intent to withdraw, as required by Maryland Rule 2-132 (Striking of Attorney's Appearance). And, Haley failed to refund McClarty any of the fee.

*Eric Hemphill Matter*

In 2012, Eric Hemphill ("Hemphill") retained Haley to represent him in a custody case. Hemphill informed Haley that he wanted joint legal and shared physical custody of his two children. Hemphill paid Haley a $2,600 flat fee. Without Hemphill's consent, Haley deposited the fee into an operating account instead of an attorney trust account.

On February 28, 2012, Haley filed in the Circuit Court for Baltimore County a motion to modify custody. Despite Haley's knowledge that Hemphill wanted joint legal and shared physical custody, the motion to modify custody stated that Hemphill requested primary physical custody. Hemphill's children's mother filed a counter-motion to modify custody.

The Circuit Court for Baltimore County conducted a scheduling conference, at which Haley failed to appear. On November 13, 2012, Hemphill and his children's mother attended a mediation, at which Haley failed to appear; Haley also failed to prepare Hemphill for the mediation.

On April 29, 2013, Hemphill's children's mother moved for sanctions, alleging that Hemphill had made deficient discovery disclosures. Haley had failed to communicate with

Hemphill about discovery. On May 6, 2013, the Circuit Court for Baltimore County conducted a hearing, at which Haley failed to appear. On June 13, 2013, the Circuit Court for Baltimore County conducted another hearing, at which Haley moved to strike his appearance; the Circuit Court for Baltimore County granted the motion to strike, and Hemphill proceeded self-represented. The Circuit Court for Baltimore County: dismissed the motion to modify because of the deficient discovery disclosures; granted the counter-motion to modify, thus reducing Hemphill's visitation and increasing his monthly child support payment; and ordered Hemphill to pay attorney's fees for his "disturbing . . . recalcitrance in responding to discovery" requests.

Haley did not refund Hemphill any of the fee, and failed to provide Hemphill with his file after termination of the representation.

*Kim Glaudé Matter*

In or about 2011, Haley met Kim Glaudé ("Glaudé") through a dating website. Haley and Glaudé chatted online and met for dinner on one occasion; Haley and Glaudé planned, but ended up cancelling, a second date.

On February 8, 2012, Glaudé retained Haley to represent her in a matter concerning an Equal Employment Opportunity Commission ("EEOC") complaint against her former employer. At that point, Glaudé and Haley had not communicated for approximately one year. Glaudé paid Haley a $4,500 flat fee. Without Glaudé's consent, Haley deposited the fee into an operating account instead of an attorney trust account.

In March 2012, Haley and Glaudé met at Haley's law office to discuss Glaudé's case. Haley took Glaudé to a back room and kissed her. Glaudé immediately objected.

On March 23, 2012, Haley failed to appear at a conference with an EEOC investigator; Haley also failed to reschedule the conference. On August 17, 2012, Glaudé telephoned Haley and left a voicemail to ask about her case's status. Haley texted Glaudé to state: "I am sorry, I owe you some lips for that. [Yo]u decide where."[3]

In a letter dated October 18, 2012, Haley terminated the representation. Haley did not refund Glaudé any of the fee.

## STANDARD OF REVIEW

Neither party meaningfully excepts to the hearing judge's findings of fact;[4] thus, we "treat the [hearing judge's] findings of fact as established[.]" Md. R. 16-759(b)(2)(A). In an attorney discipline proceeding, this Court reviews without deference a hearing judge's

---

[3]At the hearing, neither Glaudé nor Haley elaborated on the meaning of Haley's text message.

[4]On January 12, 2015, Haley filed in this Court a "Motion for Exceptions to Findings of Fact and Conclusions of Law." The motion consisted of the following three sentences: "On April 7, 2013, upon consideration of the pleadings, testimony and other evidence[, the hearing judge] made [] Findings of Fact and [Conclusion]s of Law. This Request for Exceptions is timely filed. [Haley] hereby requests exceptions [to] the [hearing judge]'s Findings of Fact and Conclusions of Law." (Paragraph breaks omitted). On April 28, 2015, Haley filed a "Motion to Strike [Haley]'s Exceptions and Oral Argument," requesting that this Court "dismiss" the "Motion for Exceptions." At oral argument, Haley sought to withdraw the motion to strike, arguing that, when he filed the motion to strike, he "was not in the frame of mind to argue" because he "was still dealing with . . . the death of a parent[.]"

Regardless of Haley's attempt to withdraw the motion to strike his exceptions, Haley's exceptions were deficient. A lawyer must state his or her exceptions with particularity and "present argument in support of an exception"; a lawyer's failure to do so "is a sufficient basis on which to overrule the exception or, at least, not consider it." Attorney Grievance Comm'n v. Faber, 373 Md. 173, 179, 817 A.2d 205, 208 (2003) (citation and internal quotation marks omitted). Here, Haley's "exceptions"—which lacked particularity and any argument in support thereof—were deficient, and we decline to consider them.

conclusions of law. See Md. R. 16-759(b)(1) ("The Court of Appeals shall review de novo the [hearing] judge's conclusions of law."). This Court determines whether clear and convincing evidence establishes that a lawyer violated an MLRPC. See Md. R. 16-757(b) ("The [Commission] has the burden of proving the averments of the petition [for disciplinary or remedial action] by clear and convincing evidence.").

## DISCUSSION

### (A) Conclusions of Law

Neither party meaningfully excepts to the hearing judge's conclusions of law. For the below reasons, we overrule the hearing judge's conclusion that Haley violated MLRPC 1.7(a), but uphold the rest of the hearing judge's conclusions of law.

### MLRPC 1.1 (Competence)

"A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness[,] and preparation reasonably necessary for the representation." MLRPC 1.1. A lawyer violates MLRPC 1.1 by "fail[ing] to maintain [] funds in a[n attorney] trust account" without a client's consent to some other arrangement. Attorney Grievance Comm'n v. Maignan, 390 Md. 287, 296-97, 888 A.2d 344, 349 (2005).

Here, clear and convincing evidence supports the hearing judge's conclusion that Haley violated MLRPC 1.1 in representing Ali, Boyd, Hemphill, McClarty, and Myers.[5] Without his clients' consent, Haley deposited unearned fees into an operating account

---

[5]The Commission did not charge Haley with violating MLRPC 1.1 in representing Glaudé.

- 9 -

instead of an attorney trust account. Additionally, Haley failed to use the thoroughness and preparation reasonably necessary to represent Ali, Hemphill, and McClarty. Haley failed to prepare and submit any pleadings or take any action in furtherance of Ali's case. Haley failed to attend, and prepare Hemphill for, a scheduling conference and a mediation, and also failed to adequately respond to discovery requests. In McClarty's case, the motion to modify custody and guardianship included a certificate of service with an incorrect address for McClarty's ex-wife; Haley also failed to include with the motion a domestic case information report.

### MLRPC 1.2(a) (Allocation of Authority Between Client and Lawyer)

"[A] lawyer shall abide by a client's decisions concerning the objectives of the representation and, when appropriate, shall consult with the client as to the means by which they are to be pursued." MLRPC 1.2(a).

Here, clear and convincing evidence supports the hearing judge's conclusion that Haley violated MLRPC 1.2(a) in representing Ali, Boyd, Hemphill, and McClarty.[6] Haley failed to abide by his clients' decisions concerning the representations' objectives and/or failed to consult with his clients. Haley failed to prepare and submit any pleadings or take any action in furtherance of Ali's case. Haley disregarded Boyd's instructions at a hearing. Despite Haley's knowledge that Hemphill wanted joint legal and shared physical custody, Haley filed a motion to modify custody that stated that Hemphill requested primary physical custody. In McClarty's case, Haley filed a motion to modify custody and

---

[6]The hearing judge concluded that the Commission failed to prove that Haley violated MLRPC 1.2(a) in representing Glaudé and Myers.

guardianship, but failed to include with the motion a domestic case information report.

## MLRPC 1.3 (Diligence)

"A lawyer shall act with reasonable diligence and promptness in representing a client." MLRPC 1.3. A lawyer violates MLRPC 1.3 by "tak[ing] no action whatsoever in representing a client[.]" Attorney Grievance Comm'n v. Gage-Cohen, 440 Md. 191, 198, 101 A.3d 1043, 1047 (2014) (citation and internal quotation marks omitted). "A lawyer violates MLRPC 1.3 by failing to appear for a scheduled court date without good reason." Attorney Grievance Comm'n v. Shuler, Misc. Docket AG No. 14, Sept. Term, 2014, 2015 WL 3965901, at *4 n.10 (Md. June 30, 2015) (brackets, citation, and internal quotation marks omitted).

Here, clear and convincing evidence supports the hearing judge's conclusion that Haley violated MLRPC 1.3 in representing Ali, Hemphill, and McClarty.[7] Haley took no action whatsoever to advance Ali's interests. Haley failed to appear at a scheduling conference and a mediation in Hemphill's case. Haley failed to inform McClarty that, due to his failure to file a domestic case information report, the Circuit Court for Anne Arundel County dismissed the motion to modify custody and guardianship.

## MLRPC 1.4(a) (Communication)

"A lawyer shall . . . (2) keep the client reasonably informed about the status of the matter; [and] (3) promptly comply with reasonable requests for information[.]" MLRPC

---

[7]The Commission withdrew the charge that Haley violated MLRPC 1.3 in representing Boyd, and the hearing judge concluded that the Commission failed to prove that Haley violated MLRPC 1.3 in representing Myers and Glaudé.

- 11 -

1.4(a) (paragraph break omitted).

Here, clear and convincing evidence supports the hearing judge's conclusion that Haley violated MLRPC 1.4(a) in representing Ali, Hemphill, McClarty, and Myers.[8]  Ali and Hemphill attempted to contact Haley about the status of their cases; Haley failed to respond.  Haley failed to inform McClarty that, due to Haley's failure to file a domestic case information report, the Circuit Court for Anne Arundel County dismissed McClarty's motion to modify custody and guardianship.  Myers e-mailed Haley on several occasions to ask about her case's status; Haley responded to only one of Myers's e-mails.

### MLRPC 1.5(a) (Fees)

"A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."  MLRPC 1.5(a).  "The reasonableness of a fee is not measured solely by examining its value at the outset of the representation; indeed[,] an otherwise-reasonable fee can become unreasonable if the lawyer fails to earn it." Attorney Grievance Comm'n v. Garrett, 427 Md. 209, 224, 46 A.3d 1169, 1178 (2012) (per curiam).

Here, clear and convincing evidence supports the hearing judge's conclusion that Haley violated MLRPC 1.5(a) in representing Ali, Glaudé, Hemphill, McClarty, and Myers.[9]  Haley charged his clients fees that, though not necessarily unreasonable at the beginning of the representation, became unreasonable when Haley retained all or a portion

---

[8]The hearing judge concluded that the Commission failed to prove that Haley violated MLRPC 1.4 in representing Glaudé and Boyd.
[9]The Commission withdrew the charge that Haley violated MLRPC 1.5(a) in representing Boyd.

of the fees after failing to perform the legal services required to earn the retained amounts.

For example, Ali paid Haley $2,800, of which Haley refunded $2,307.56. Glaudé paid

Haley $4,500, none of which Haley refunded. Hemphill paid Haley $2,600, none of which

Haley refunded. McClarty paid Haley $2,600, none of which Haley refunded. Myers paid

Haley $3,000, none of which Haley refunded. The hearing judge found that Haley failed

to perform the legal services required to earn the retained amounts, and discredited the

accuracy of invoices that Haley produced in an attempt to establish that the fees were

reasonable.[10]

### MLRPC 1.7(a) (Conflict of Interest)

MLRPC 1.7(a) states, in pertinent part:

> [A] lawyer shall not represent a client if the representation involves a conflict
> of interest. A conflict of interest exists if: (1) the representation of one client
> will be directly adverse to another client; or (2) there is a significant risk that
> the representation of one or more clients will be materially limited by the
> lawyer's responsibilities to another client, a former client[,] or a third
> person[,] or by a personal interest of the lawyer.

In Attorney Grievance Comm'n v. O'Leary, 433 Md. 2, 35, 69 A.3d 1121, 1141 (2013),

this Court held that a lawyer violated MLRPC 1.7(a) by representing a client with whom

she had a sexual relationship. It was undisputed that, once the lawyer's relationship with

her client became intimate and they moved in together, the lawyer had a "personal interest"

---

[10]At oral argument, Haley contended that the hearing judge failed to "take into consideration the other costs of litigation, [such as] filing fees, service of process fees, [and] sheriff fees." According to Haley, such fees can "add[] up to somewhere between" $400 and $600. Haley's argument lacks merit, as he fails to identify any documentation, such as receipts or third-party invoices, to support his allegation that he incurred additional expenses on his clients' behalf.

- 13 -

in the case. Id. at 33, 24, 69 A.3d at 1139, 1134. Specifically, the lawyer, who was representing her client in a custody matter, "had a personal interest in the visitation and custody arrangement . . . . [and] had a personal interest in the amount, if any, that [her client] would be required to pay in child support[.]" Id. at 24, 69 A.3d at 1134.

Here, we are not persuaded that clear and convincing evidence supports the hearing judge's conclusion that Haley violated MLRPC 1.7(a) in representing Glaudé. Haley and Glaudé met through a dating website. Haley and Glaudé chatted online and went on one date; they planned, but ended up cancelling, a second date. Approximately one year later, Glaudé retained Haley. During a meeting, Haley kissed Glaudé; Glaudé objected. Later, Glaudé telephoned Haley and left a voicemail to ask about her case's status. Haley texted Glaudé to state: "I am sorry, I owe you some lips for that. [Yo]u decide where."

The record does not demonstrate by clear and convincing evidence that "there [wa]s a **significant** risk that the representation of [Glaudé] w[ould have] be[en] **materially** limited . . . by a personal interest of" Haley. MLRPC 1.7(a) (emphasis added). Although a lawyer's personal relationship with a client may complicate an attorney-client relationship, we can identify no case in which this Court concluded that a lawyer's merely social (as opposed to sexual) relationship with a client rose to the level of creating a significant risk that the representation would be materially limited by a personal interest of the lawyer. Cf. O'Leary, 433 Md. at 35, 69 A.3d at 1141 (This Court held that a lawyer violated MLRPC 1.7(a) by representing a client with whom she had a sexual relationship.); MLRPC 1.7, cmt. 12 ("A sexual relationship with a client, whether or not in violation of criminal law, will create an impermissible conflict between the interests of the client and

- 14 -

those of the lawyer if (1) the representation of the client would be materially limited by the sexual relationship and (2) it is unreasonable for the lawyer to believe the lawyer can provide competent and diligent representation.").  Here, we are not persuaded that Haley's relationship with Glaudé rose to level of implicating MLRPC 1.7(a).

## MLRPC 1.15 (Safekeeping Property)

MLRPC 1.15 provides, in pertinent part:

(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property.  Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter.

* * *

(c) Unless the client gives informed consent, confirmed in writing, to a different arrangement, a lawyer shall deposit legal fees and expenses that have been paid in advance into a client trust account and may withdraw those funds for the lawyer's own benefit only as fees are earned or expenses incurred.

Here, clear and convincing evidence supports the hearing judge's conclusion that Haley violated MLRPC 1.15(a) and 1.15(c).[11]  Haley charged his clients a fee before performing legal services, and without his clients' consent, Haley deposited the unearned fees into an operating account instead of an attorney trust account.

---

[11]The Commission charged Haley with violating MLRPC 1.15(a) only in representing Ali, Boyd, Glaudé, and McClarty; the Commission charged Haley with violating MLRPC 1.15(c) only in representing Ali, Glaudé, and McClarty.  And, the hearing judge did not determine whether Haley violated MLRPC 1.15(d), another violation charged by the Commission.

## MLRPC 1.16(d) (Terminating Representation)

MLRPC 1.16(d) provides, in pertinent part:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled[,] and refunding any advance payment of fee or expense that has not been earned or incurred.

Here, clear and convincing evidence supports the hearing judge's conclusion that Haley violated MLRPC 1.16(d) in representing Hemphill and McClarty.[12] Haley failed to refund Hemphill any unearned portion of the $2,600 fee, and failed to provide Hemphill a copy of his case file. Haley similarly failed to refund McClarty any unearned portion of the $2,600 fee, and failed to provide McClarty five days' written notice of his intent to withdraw, as required by Maryland Rule 2-132.

## MLRPC 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation)

"It is professional misconduct for a lawyer to[] . . . engage in conduct involving dishonesty, fraud, deceit[,] or misrepresentation[.]" MLRPC 8.4(c). A lawyer violates MLRPC 8.4(c) by retaining unearned fees without intending to earn them. See Attorney Grievance Comm'n v. McLaughlin, 372 Md. 467, 502-03, 813 A.2d 1145, 1166 (2002).

Here, clear and convincing evidence supports the hearing judge's conclusion that Haley violated MLRPC 8.4(c) in representing all six clients. Haley charged a fee before performing legal services. Rather than deposit the unearned fees into an attorney trust

---

[12]The hearing judge did not determine whether Haley violated MLRPC 1.16(d) in representing Ali, Boyd, Glaudé, or Myers.

account, Haley deposited the fees into an operating account.  Haley failed to perform the legal services required to earn what he retained of the fees.  Haley's retention of the fees constituted dishonesty; *i.e.*, Haley did not intend to earn the fees that he retained.

**MLRPC 8.4(d) (Conduct that is Prejudicial to the Administration of Justice)**

"It is professional misconduct for a lawyer to[] . . . engage in conduct that is prejudicial to the administration of justice[.]"  MLRPC 8.4(d).  "Generally, a lawyer violates MLRPC 8.4(d) where the lawyer's conduct would negatively impact the perception of the legal profession of a reasonable member of the public."  Shuler, 2015 WL 3965901, at *4 (brackets, citation, ellipsis, and internal quotation marks omitted).  For example, a lawyer violates MLRPC 8.4(d) by not obtaining a client's consent to deposit fees into an account other than an attorney trust account.  See Attorney Grievance Comm'n v. Davy, 435 Md. 674, 707, 80 A.3d 322, 341 (2013).

Here, clear and convincing evidence supports the hearing judge's conclusion that Haley violated MLRPC 8.4(d) in representing all six clients.  Without his clients' consent, Haley deposited unearned fees into an operating account instead of an attorney trust account.

**MLRPC 8.4(a) (Violating the MLRPC)**

"It is professional misconduct for a lawyer to[] violate . . . the" MLRPC.  MLRPC 8.4(a).

Here, clear and convincing evidence supports the hearing judge's conclusion that Haley violated MLRPC 8.4(a).  As discussed above, Haley violated MLRPC 1.1, 1.2(a), 1.3, 1.4(a), 1.5(a), 1.15(a), 1.15(c), 1.16(d), 8.4(c), and 8.4(d).

- 17 -

**BOP § 10-306 (Misuse of Trust Money)**

"A lawyer may not use trust money for any purpose other than the purpose for which the trust money is entrusted to the lawyer." BOP § 10-306. A lawyer violates BOP § 10-306 where the lawyer "deposits client [funds] into [the lawyer's] operating account and cannot account for those [fund]s[.]" Attorney Grievance Comm'n v. Goodman, 426 Md. 115, 127-28, 43 A.3d 988, 995 (2012) (citation omitted).

Here, clear and convincing evidence supports the hearing judge's conclusion that Haley violated BOP § 10-306 in representing Ali.[13] Haley charged a fee before performing legal services. Because the fee was an advance payment made in anticipation of future legal services, the money constituted "trust money" under BOP § 10-301(d).[14] See McLaughlin, 372 Md. at 504, 813 A.2d at 1167. As such, unless Ali gave informed consent, confirmed in writing, to a different arrangement, Haley was required to deposit the unearned fee in an attorney trust account. See id. at 504, 813 A.2d at 1167; MLRPC 1.15(c). Haley, however, deposited the fee into an operating account without Ali's consent[15] and could not account for the fee.

---

[13]The Commission charged Haley with violating BOP § 10-306 only in representing Ali.

[14]"'Trust money' means a deposit, payment, or other money that a person entrusts to a lawyer to hold for the benefit of a client or a beneficial owner." BOP § 10-301(d).

[15]At oral argument, Haley alleged that the written attorney-client agreements into which he entered with all six clients stated that the fees would not be deposited into an attorney trust account. After a thorough review of the attorney-client agreements, we are unable to find any such language. Additionally, in contrast to his contention at oral argument, Haley previously testified during the disciplinary hearing that the attorney-client agreements did not state that the clients' fees would be deposited into an operating account instead of an attorney trust account.

## (B) Sanction

The Commission recommended that we disbar Haley. Haley recommended that we continue his existing indefinite suspension from the practice of law in Maryland.

In Shuler, 2015 WL 3965901, at *5, this Court stated:

> This Court sanctions a lawyer not to punish the lawyer, but instead to protect the public and the public's confidence in the legal profession. This Court accomplishes these goals by: (1) deterring other lawyers from engaging in similar misconduct; and (2) suspending or disbarring a lawyer who is unfit to continue to practice law.
>
> In determining an appropriate sanction for a lawyer's misconduct, this Court considers: (1) the MLRPC that the lawyer violated; (2) the lawyer's mental state; (3) the injury that the lawyer's misconduct caused or could have caused; and (4) aggravating factors and/or mitigating factors.
>
> Aggravating factors include: (1) prior attorney discipline; (2) a dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple violations of the MLRPC; (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with the Maryland Rules or orders of this Court or the hearing judge; (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (7) a refusal to acknowledge the misconduct's wrongful nature; (8) the victim's vulnerability; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; (11) illegal conduct, including that involving the use of controlled substances; and (12) likelihood of repetition of the misconduct.
>
> Mitigating factors include: (1) the absence of prior attorney discipline; (2) the absence of a dishonest or selfish motive; (3) personal or emotional problems; (4) timely good faith efforts to make restitution or to rectify the misconduct's consequences; (5) full and free disclosure to the Commission or a cooperative attitude toward the attorney discipline proceeding; (6) inexperience in the practice of law; (7) character or reputation; (8) a physical disability; (9) a mental disability or chemical dependency, including alcoholism or drug abuse, where: (a) there is medical evidence that the lawyer is affected by a chemical dependency or mental disability; (b) the chemical dependency or mental disability caused the misconduct; (c) the lawyer's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful

- 19 -

rehabilitation; and (d) the recovery arrested the misconduct, and the misconduct's recurrence is unlikely; (10) delay in the attorney discipline proceeding; (11) the imposition of other penalties or sanctions; (12) remorse; (13) remoteness of prior violations of the MLRPC; and (14) unlikelihood of repetition of the misconduct.

(Brackets, citation, and ellipses omitted).

Here, Haley violated MLRPC 1.1, 1.2(a), 1.3, 1.4(a), 1.5(a), 1.15(a), 1.15(c), 1.16(d), 8.4(c), 8.4(d), 8.4(a), and BOP § 10-306; specifically, Haley failed to: (1) deposit unearned fees into an attorney trust account; (2) refund unearned legal fees after the termination of representation; (3) sufficiently and timely respond to reasonable inquiries by clients; and (4) competently and diligently represent his clients' interests. Haley acted intentionally in depositing his clients' unearned fees into an operating account instead of an attorney trust account, and in failing to refund unearned legal fees after the termination of representation. Haley's misconduct resulted in, among other things, his clients' loss of all or part of the unearned fees, the dismissal of McClarty's motion to modify custody and guardianship, the dismissal of Hemphill's motion to modify custody, and sanctions against Hemphill for deficient discovery disclosures.

We note four aggravating factors. First, Haley has committed multiple violations of the MLRPC. Second, third, and fourth, Haley has received prior attorney discipline, has demonstrated a pattern of misconduct, and is likely to repeat his misconduct, as, in a prior attorney discipline proceeding, this Court granted a joint petition for indefinite suspension for violations of MLRPC 1.1, 1.3, 1.4, 1.16(d), 8.4(c), and 8.4(d) (all of which Haley violated in the instant case). See Attorney Grievance Comm'n v. Haley, 440 Md. 726, 104 A.3d 170 (2014). Significantly, in the prior attorney discipline proceeding, Haley admitted

- 20 -

that he "made multiple misrepresentations related to [] two client[s'] cases."

The hearing judge determined that Haley failed to establish any mitigating factors, and we discern none.

A lawyer engages in misappropriation by intentionally depositing unearned fees into an operating account instead of an attorney trust account, or retaining unearned fees after the representation's termination, without the client's consent. See Garrett, 427 Md. at 227, 46 A.3d at 1179 ("Misappropriation is any unauthorized use by an attorney of a client's funds entrusted to him or her, whether or not temporary or for personal gain or benefit." (Brackets, citations, and internal quotation marks omitted)). "[M]isappropriation of funds . . . is an act infected with deceit and dishonesty[,] and ordinarily will result in disbarment in the absence of compelling extenuating circumstances justifying a lesser sanction." Attorney Grievance Comm'n v. Wills, 441 Md. 45, 59, 105 A.3d 479, 487 (2014) (citation and internal quotation marks omitted). In Attorney Grievance Comm'n v. Roberts, 394 Md. 137, 166, 904 A.2d 557, 574-75 (2006) (citations and internal quotation marks omitted), we stated:

> The sanction of disbarment is so justified because attorneys are charged with remembering that the entrustment to them of the money and property of others involves a responsibility of the highest order. They must carefully administer and account for those funds. Appropriating any part of those funds to their own use and benefit without clear authority to do so cannot be tolerated.

In Attorney Grievance Comm'n v. Camus, 425 Md. 417, 420, 436, 42 A.3d 1, 2-3, 12 (2012), this Court disbarred a lawyer who violated MLRPC 1.1, 1.2(a), 1.3, 1.4(a), 1.4(b), 1.5(a), 1.5(d), 1.15(a), 1.15(d), 1.16(d), 3.4(c), 8.1(b), 8.4(b), 8.4(c), and 8.4(d). In

Camus, 425 Md. at 435, 42 A.3d at 11, the lawyer's misconduct included "indifference toward and neglect of clients, disregard of a court order, cavalier treatment of trust funds, and an unreasonable and retaliatory bill."

Similarly, in Attorney Grievance Comm'n v. Shakir, 427 Md. 197, 200, 206, 46 A.3d 1162, 1164-65, 1168 (2012) (per curiam), this Court disbarred a lawyer who violated MLRPC 1.1, 1.3, 1.5(c), 1.15(a), 1.16(d), and 8.4(d). In Shakir, 427 Md. at 208, 46 A.3d at 1169, the lawyer neglected his clients' legal needs, failed to deposit unearned fees into an attorney trust account, and failed to refund unearned fees. We concluded that "[t]he severity and pattern of [the lawyer]'s violations, coupled with his [existing] indefinite suspension for similar misconduct, warrant[ed] disbarment for the protection of the public." Id. at 208, 46 A.3d at 1169.

Here, we agreed with the Commission that disbarment was the appropriate sanction for Haley's misconduct. Haley engaged in numerous acts of misconduct in representing six clients. In addition to failing to sufficiently and timely respond to reasonable inquiries by clients and failing to competently and diligently represent his clients' interests, Haley intentionally retained his clients' unearned legal fees after the termination of representation. Such misconduct constituted misappropriation of clients' funds and was "an act infected with deceit and dishonesty [that] ordinarily will result in disbarment in the absence of compelling extenuating circumstances[.]" Wills, 441 Md. at 59, 105 A.3d at 487 (citation and internal quotation marks). There are no mitigating factors, much less compelling extenuating circumstances; to the contrary, Haley's misconduct is aggravated by multiple violations of the MLRPC, prior attorney discipline, a pattern of misconduct,

- 22 -

and likelihood of repetition of misconduct. Disbarment was necessary to protect the public from Haley's repeated dishonesty and to deter other lawyers from similar misconduct.

For the above reasons, we entered the June 5, 2015, per curiam order, immediately disbarring Haley and awarding costs against him.